
FILED
NOV 26 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CLARENCE ROULHAC, JR., )
)
    Plaintiff, )
)
v. )   Civil Action No. 3:13CV49–HEH
)
HAROLD CLARKE, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
### (Granting Defendants' Motion to Dismiss)

Clarence Roulhac, Jr., a Virginia inmate proceeding *pro se* submitted this 42 U.S.C. § 1983 action.[1] Roulhac named the following individuals as defendants: Harold Clarke, the Director of the Virginia Department of Corrections ("VDOC"); Linda Shear,[2] Food Service Director for the VDOC; Carl Marrow, the Regional Food Service Director for the VDOC; Jeffrey Dillman, Warden of Powhatan Correctional Center ("PCC"); and L. Hunt, Food Service Director at PCC ("Defendants"). Defendants have filed a Motion to Dismiss. (ECF No. 19.) Roulhac has replied. For the reasons set forth below, the Motion to Dismiss will be granted.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

[2] Roulhac referred to this defendant as "Linda Shields," in his Complaint. (Compl. 2.) Counsel for Defendants has provided the proper spelling of her name.

## I. Standard for a Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations and Claims

Roulhac is a VDOC inmate confined at PCC. Roulhac's Complaint concerns the allegedly inadequate food and water at PCC.

### A.    The Food

On November 15, 2012, PCC medical staff told Roulhac that he has diabetes. (Compl. 5.)[3] Roulhac contends that he "contracted diabetes and hypertension (high blood pressure) from the food (diet) at Powhatan Correctional Center." (*Id.* at 10.) On

---

[3] The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. The Court omits the emphasis and corrects the capitalization, spelling, and punctuation in the quotations to Roulhac's submissions.

November 19, 2012, PCC medical staff prescribed 500 milligrams of Metformin, to be taken every 12 hours, for his diabetes. (*Id.*)

Roulhac insists that Defendants "are responsible for Plaintiff getting diabetes . . . . [because] [t]he food for the past six (6) years consisted mainly of processed meats and other food products. No real meats/food. We get real chicken and turkey on holidays, Christmas, Thanksgiving, and twice a year on Field days." (*Id.*) Roulhac further notes that "[t]here is a very poor variety of vegetables . . . ." (*Id.*)

Roulhac contends that "defendants are aware that such processed meats and foods causes cancer, diabetes, and hypertension, and they feed/serve it to the offenders anyway." (*Id.*)

> The chemical Sodium Nitrate and Sodium Nitrite are used in processed red meats and meat-products are known health hazards. It is used in fertilizers, explosives, glass, as a color fixative. As nutrition this compound added to foods as a preservative (enhances high blood pressure . . . ). Also as a color fixative in pork, fish, and beef products. It's also implicated in the formation of suspected carcinogens (cancer). Plaintiff and offenders eat this daily, at least three times a day and it's a known health hazard, and the defendants realize this.

(*Id.* at 11.) "Research has linked eating red processed meats and processed food/meats to an increased risk of heart disease and cancer." (*Id.* at 12.)

Roulhac attached to his Complaint a copy of the menu at PCC for the week of December 9, 2012 through December 15, 2012. (ECF No. 1–1, at 10.) Roulhac contends that menu is generally indicative of what he has been fed at PCC for the last several years. (*Id.*) That menu reflects the following:

|  | Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|---|
| Breakfast | fruit 4oz., farina 3/4 cup, 2 boiled eggs, home fries 3/4 cup, 2 biscuits, jelly 1 oz., margarine, 2 tsp., coffee 8 oz., milk 16 oz. | juice 4oz., grits 3/4 cup, 2 turkey sausage links, 2 pancakes, syrup 2 oz., margarine 2 tsp., coffee 8 oz., milk 16 oz. | fruit 4oz., farina 3/4 cup, 2 boiled eggs, hashbrowns 3/4 cup, 2 biscuits, cream gravy 1/2 cup, margarine 2 tsp., coffee 8 oz., milk 16 oz. | juice 4oz., oatmeal 3/4 cup, 2 pancakes, homefries 3/4 cup, syrup 2 oz., juice 4oz., margarine 2 tsp., coffee 8 oz., milk 16 oz. | juice 4oz., grits 3/4 cup, 2 turkey sausage links, hashbrowns 3/4 cup, 2 biscuits, cream gravy 1/2 cup, margarine 2 tsp., coffee 8 oz., milk 16 oz. | juice 4oz., oatmeal 3/4 cup, 2 cooked eggs, 3/4 cup of homefries, 2 biscuits, jelly 1 oz., margarine 2 tsp., coffee 8 oz., milk 16 oz. | juice 4oz, farina 3/4 cup, sausage gravy 2/3 cup, hash browns 3/4 cup, 2 biscuits, margarine 2 tsp., coffee 8 oz., milk 16 oz. |
| Lunch | creole macaroni 1 1/4 cup, squash 1/2 cup, 2 slices bread, 1 serving fruit, beverage 8oz. | pork gumbo 8 oz., greens 1/2 cup, 2 slices bread, 1 serving fruit, beverage 8 oz. | 2 Italian sausages, carrots 1/2 cup, pasta 3/4 cup, 2 slices of bread, mustard 2 tsp., 1 serving of fruit, beverage 8 oz. | simmered beans 1 1/2 cups, mac and cheese 1/2 cup, greens 1/2 cup, 2 slices of bread, margarine 2 tsp., 1 serving of fruit, beverage 8 oz. | pork bologna 3 oz., potato salad 1 cup, coleslaw 1/2 cup, 1 sandwich bun, mustard 1 oz., 1 serving of fruit, Beverage 8 oz. | vegetable soup 1 cup, 2 grilled cheese sandwiches, 1 serving of fruit, 8 oz. beverage, | turkey ham 3 oz., potato salad 1 cup, coleslaw 1 cup, 1 sandwich bun, mustard 1 oz., 1 serving of fruit, beverage 8 oz. |
| Dinner | 1 cajun patty, baked sweet potato 2/3 cup, greens 1/2 cup, 2 dinner rolls, 1 piece of cake, gravy 1/4 cup, margarine 2 tsp, beverage 8 oz. | sea fried rice 8 oz., carrots 1/2 cups, 2 dinner rolls, fruit 1/2 cup, margarine 1 oz., beverage 8 oz. | yakisoba 1 1/4 cup, cabbage 1/2 cup, 2 dinner rolls, 2 cookies, margarine 2 tsp., beverage 8 oz. | 1 cajun patty, baked sweet potato 1/2 cup, butternut squash 1/2 cup, 2 dinner rolls, 2 cookies gravy 1/4 cup, margarine 2 tsp, beverage 8 oz. | 3 hamburgers, cabbage 1/2 cup, potatoes 3/4 cup, 2 dinner rolls, mustard 1 oz., 1 piece of cake, beverage 8 oz. | 2 sausages, baked sweet potato 1 cup, cabbage 1/2 cup, 2 slices of bread, 1 piece of cake, margarine 2 tsp, beverage 8 oz. | meat sauce 3/4 cup, spaghetti 1 1/2 cups, 1/2 cup of greens, 2 slices of bread, 2 cookies, margarine 2 tsp, beverage 8 oz. |

Roulhac alleges, and the menu reflects, that the VDOC provides a "cardiac alternative entrée" of 1 1/2 cups of navy or pinto beans for noon and evening meals. (*Id.*) Roulhac complains that, "If you don't eat meat, you have to eat beans twice a day, every day!" (*Id.*)

Roulhac attached to his Complaint, a pamphlet published by the VDOC, which informs inmates with diabetes how to eat healthy. (ECF 1–1, at 11–12.) The pamphlet informs diabetic inmates as to what food to avoid and encourages inmates to "ask for the diabetic tray at every meal." (*Id.* at 11.)[4]

### B. The Water

Roulhac complains that "the water at PCC is contaminated too! Warning signs are posted in the PCC Visitation Room, and C/O's and staff are told to bring water from home or buy it from the vendor." (Compl. 14.)

### II. Analysis

To make out an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson*

---

[4] In his Complaint, Roulhac fails to specify what food is provided on the diabetic tray. In his Reply (ECF No. 23), Roulhac notes that "[s]even days a week Plaintiff gets boiled eggs, bread and milk for breakfast, beans twice a day with bread and milk at evening meal and over-cooked carrots or squash." (Reply 3.)

In his Reply, Roulhac also complains that he was denied several diabetic meals during shakedowns (*id.*), and that the living conditions in his cell block are unconstitutional (*id.* at 8). Roulhac, however, has failed to move to amend his Complaint to raise any new claims for relief. Accordingly, the Court will not further consider the above described allegations. *See Williams v. Harvey*, No. 4:05CV161, 2006 WL 2456406, at *6 (E.D. Va. Aug. 21, 2006)).

*v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong of a deliberate indifference claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d

7

336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

Roulhac fails to allege facts that indicate that he sustained "'a serious or significant physical or emotional injury resulting from'" the water at PCC. *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381). Therefore, his Eighth Amendment claim challenging the condition of the water at PCC must be dismissed.

Furthermore, Roulhac fails to satisfy either the objective or subjective component for his complaints about the food at PCC. "The Eighth Amendment requires that inmates be provided 'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (alteration in original) (some internal quotation marks omitted) (quoting *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986)); *see also Wilson v. Johnson*, 385 F. App'x 319, 320 (4th Cir. 2010) (citing cases for proposition that Eighth Amendment requires nutritionally adequate food). Moreover, "with respect to the objective factor, . . . . [the Eighth Amendment] requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). The sample menu provided by

Roulhac, with its non-meat entrée option and a variety of food to eat at every meal, fails to raise risks so grave that "it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Id.*

Moreover, although Roulhac contends that the menu at PCC caused his diabetes and hypertension, he fails to allege facts that plausibly suggest that the past or present menu choices at his prison posed or pose a substantial risk of serious harm, much less that Defendants acted with deliberate indifference. The record reflects that Defendants counseled inmates regarding suitable menu choices for managing diabetes and have offered and currently offer beans as a substitute for the processed meats that Roulhac believes constitute a substantial threat to his health. *See Mullins v. Cranston*, Nos. 97–4492, 98–3188, 1999 WL 1206930, at *2 (6th Cir. Dec. 9, 1999) (dismissing action where inmate could select items from the menu that would manage his diabetes). Roulhac cannot contend Defendants bear the sole constitutional liability for his health problem because he failed to regularly partake of the bean option. *Cf. Farmer*, 511 U.S. 844 (observing that even when prison officials actually know "of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted"). While Roulhac finds it offensive to eat a lot a beans and boiled eggs, the "Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (quoting *Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977)). Accordingly, Defendants' Motion to Dismiss (ECF No. 19) will be granted.

## III. Conclusion

Roulhac's claims and the action will be dismissed. Roulhac's Motion for the Appointment of Counsel (ECF No. 26) and Motion for Summary Judgment (ECF No. 25) will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Nov. 25 2014
Richmond, Virginia